```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

THOMAS J. PINA, et al.,      )
         Plaintiff,          )
                             )
     v.                      )    C.A. No. 04-11744-RCL
                             )
SEACOAST FINANCIAL SERVICE,  )
     et al.,                 )
         Defendants.         )
```

### MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, as to why it should not be dismissed.

### ALLEGED FACTS

On August 6, 2004 plaintiff Thomas J. Pina filed a three page pro se complaint, along with an application to proceed without prepayment of fees.  The application to proceed without prepayment of fees will be addressed in a separate order.

The complaint is confusing and vague.  It contains one page of allegations against the defendants: Seacoast Financial Services, Sovereign Bank New England, and their respective chief executive officers.  In its entirety, the complaint states as follows:  "The Compass Bank and Sovereign Bank without the approve [sic] of the city redevelopment authority

deliberately practice in merger with sovereign bank deliberatly [sic] practice fraud in order to secure unfair and unlawful gain and conspiracy to perform and ellegal [sic] treacherous act to merger.  They violated."  Complaint p. 2.  The complaint also includes one page listing the defendants, Complaint p. 1, and one page of notes relating to a deed, such page having no clear relationship to the complaint.  Complaint p. 3.  Plaintiff does not state the nature of the relief he seeks.

## ANALYSIS

Plaintiff seeks to proceed in this action without prepayment of the filing fee.  His complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915(e)(2) (proceedings in forma pauperis).  Section 1915(e)(2) authorizes a federal court to dismiss an action in which a plaintiff seeks to proceed without prepayment of fees if the action (1) lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In this case, even viewing the alleged facts in the light most favorable to plaintiff, the complaint simply fails to

2

articulate or suggest an arguable claim under any recognized legal theory. Accordingly, plaintiff's complaint is subject to dismissal as lacking any arguable basis in either law or fact. 28 U.S.C. § 1915(e); <u>Denton v. Hernandez</u>, 504 U.S. at 32-33; <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

<u>CONCLUSION</u>

ACCORDINGLY, for the reasons set forth above, this action will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in writing, before that time as to why it should not be dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 13th day of August, 2004.

                            s/ Reginald C. Lindsay
                            UNITED STATES DISTRICT JUDGE