UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS J. PINA, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-11744-RCL |
| v. | ) ) ) | |
| SEACOAST FINANCIAL SERVICE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Lindsay, District Judge

  For the reasons stated below, the complaint of plaintiff Thomas J. Pina is dismissed.

  On August 6, 2004 Pina, acting *pro se*, filed a complaint and an application to proceed without prepayment of the $150.00 fee required for filing a civil lawsuit. I granted the request to proceed *in forma pauperis*, thus subjecting Pina's complaint to screening before summonses would issue. *See* 28 U.S.C. § 1915(e)(2). Because the complaint did not articulate - - nor could the court identify - - a cause of action, on August 13, 2004, I ordered Pina to show cause why his case should not be dismissed.

  In response to the show cause order, Pina submitted to the court a one-page document captioned "Allegations," the entirety of which reads:

> Top executives and directors of Seacoast Financial Service Corp. will cash out to the tune of $47 million to $57 million in combined bonuses and severance pay when Sovereign Bancorp Inc. acquires the Parent Company of Compass Bank in a $1.1 Billion all-stock transaction. (Attach)
>
> A special Guide about how the Transition from Compass Bank to Sovereign Bank.

Pina also submitted a newspaper article reporting that top Seacoast Financial Services and Compass Bank executives would receive "golden parachute deals" as a result of their merger with Sovereign Bancorp, David J. Ortiz, *Executives Cash in on Bank Merger*, Sunday Standard-Times (New Bedford, MA), June 27, 2004, at A1, and a mailing from Sovereign Bank and Compass Bank informing Pina that he would soon receive a document "with details about how the transition from CompassBank [sic] to Sovereign Bank may affect you."

I may infer from these pleadings that Pina is a Compass Bank customer who is dissatisfied with payments that Seacoast Financial Service and Compass Bank executives will receive as a result of a reported merger. There is not, however, any information in the pleadings from which I may reasonably infer that the conduct of the defendants was wrongful, that it injured Pina, and that Pina has standing to sue for any such injury. Further, Pina has not stated the type of relief he seeks.

Thus, for the reasons stated above and those stated in my August 13, 2004 memorandum and order, I find that Pina has failed to state a claim upon which relief may be granted. Accordingly, I order that this action be DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this 30th day of December, 2004.

                                      s/ Reginald. C. Lindsay
                                      UNITED STATES DISTRICT JUDGE